## Andrew Hunt v. The State.

1. Expert Testimony. — An expert's opinion must be limited to a matter of science, skill, trade, or the like, and is not allowable on the general merits of the case. It must not be based upon extra-judicial information, but be founded either upon the evidence or the expert's personal knowledge of the facts, or else be postulated on a hypothetical case.

2. Same—Case Stated.—In a trial for murder, it was in proof that the death resulted from a number of gunshot wounds and knife-cuts. A medical expert, testifying for the State, deposed that he had examined the cuts, but not the gunshot wounds; and it does not appear that he had heard the testimony in the case. The State was allowed, over objection, to elicit from him the opinion that the first shot fired at the deceased inflicted the gunshot wound in his belly, and that all the shooting and cutting was done by a single individual. *Held*, that this opinion transcended the legitimate limits of expert testimony, and was not supported by competent *data*.

Appeal from the District Court of Williamson.    Tried below before the Hon. W. A. Blackburn.

This appeal is from the third trial of the appellant upon an indictment which charges him with the murder of Harvey Carter, on September 28, 1877, in Williamson County. The first trial was had at the Spring term, 1878, and resulted in the disagreement of the jury. The second was had at the ensuing Autumn term, and resulted in the conviction of the appellant for murder in the first degree, and judgment of death. From that judgment he appealed, and at the Tyler term, 1879, it was reversed by this court upon grounds disclosed in the report, to be found in Volume VI. of these Reports, p. 212. In that report the evidence was given with sufficient detail for all purposes.

The trial from which the present appeal arises was had at the January term, 1880, and resulted in the conviction of the appellant for murder in the second degree, and the assessment of his punishment at a term of twenty-five years in the penitentiary. As will be seen by reference to the former report, the appellant's own version of the assassina-

tion imputed it to two unrecognized men, whereas the theory of the prosecution charges it upon the appellant alone. In the opinion now reported will be found the ruling of the court below which again necessitates a remand of this peculiar case for a new trial.

*Makemson, Fisher & Price*, for the appellant.

*W. B. Dunham*, for the State.

WHITE, P. J. During the trial, Dr. McDonald was placed upon the stand as a witness for the prosecution. He stated that he was a practising physician and druggist, and had been engaged in the practice of his profession for twenty-five years. Amongst the other questions asked him on his examination, the following were propounded to him by the prosecuting attorney, viz.: "Which, in your opinion, was the first shot fired, and how many persons were engaged in the shooting and cutting of Carter?" Defendant objected to the witness being allowed to answer, but the court overruled his objections, and the witness was permitted to testify as follows: "In my opinion, the first shot that was fired struck Carter in the belly, and only one man did all the shooting and cutting. I did not make any examination of the wounds on Carter, except the cuts on the throat. I was not in three miles of the place of killing when it occurred. I did not go there at all." A bill of exceptions was duly reserved to this evidence, and is incorporated in the record.

"On questions of science, skill, or trade, or others of like kind, persons of skill, sometimes called *experts*, may not only testify to facts, but are permitted to give their opinions in evidence. Thus, the opinions of medical men are constantly admitted as to the cause of disease or of death, or the consequences of wounds, and as to the sane or insane state of a person's mind, as collected from a number of circumstances, and as to other subjects of professional skill. And such opinions are admissible in evidence though the

witness founds them, not on his own professional observations, but on the case itself as proved by other witnesses on the trial. But where scientific men are called as witnesses, they cannot give their opinions as to the general merits of the cause, but only their opinions upon the facts proved. And if the facts are doubtful, and remain to be found by the jury, it has been held improper to ask an expert, who has heard the evidence, what is his opinion upon the case on trial, though he may be asked his opinion upon a similar case hypothetically stated." 1 Greenl. on Ev., sect. 440 ; Roscoe's Cr. Ev. (6th ed.) 135, 136. But the opinions of witnesses, based upon a state of facts sworn to by others, are not proper evidence except in matters lying peculiarly within the knowledge of experts. *Paige* v. *Hazard*, 5 Hill, 603 ; *Cooper* v. *The State*, 23 Texas, 331.

Mr. Wharton says : " Whether a particular wound could have been produced by a particular instrument is a question as to which the opinion of experts can be asked. And the opinion of an expert as to which of two wounds, either of itself necessarily fatal, actually caused the death of the deceased, is competent evidence." Whart. on Hom., sect. 679, citing *Eggler* v. *The State*, 56 N. Y. 642.

Now, let us see how far the evidence objected to came within the above rules with regard to expert testimony ; for, if not admissible as expert testimony, the evidence was most clearly inadmissible. The witness tells us that he did not make a personal examination of any of the wounds upon the body except the cuts in the throat. He has never seen the bullet-holes in the body, nor is it made to appear that he has heard other witnesses, who have examined these bullet-holes, describe them so that he could entertain, much less express, even an intelligent, to say nothing of a scientific, opinion about them. The opinions of an expert under such circumstances, be he ever so scientific, cannot, in the nature of things, be of any more value than the opinion of the most illiterate or uninformed, because there is nothing upon

which to predicate the opinion. How does he even know that there were three bullet-wounds upon the body? If he had received his information from others, and not from personal observation or the statements of the witnesses not under oath, then his opinion was inadmissible; because it has been held that an expert cannot be allowed to give his opinion upon a case based upon statements made to him by parties out of court, and not under oath. *Heald* v. *Thing,* 45 Me. 392. A witness called to give an opinion must either give one founded on his own knowledge of the facts, or must give one founded on a hypothetical question. *Freeman* v. *Lawrence,* 43 N. Y. Superior Ct. 288; *Davis* v. *The State,* 38 Md. 15, 43; *The People* v. *Rogers,* 13 Abb. Pr. 370.

The same reasons which would exclude the opinion of the witness with regard to which of the wounds were made by the first shot would also apply with equal force to the opinion upon the other question, as to how many parties, or whether more than one party, were engaged in the infliction of the wounds. Without a knowledge of the facts, there was nothing to which science could be applied, or about which any peculiar skill could intelligently be exercised. Such unsupported opinions are not evidence in any sense of the term, and should not have been permitted to go to the jury.

The other errors complained of are not deemed of sufficient moment or importance to require special notice and discussion. For the error herein pointed out, the judgment must be reversed and the cause remanded for a new trial. ·

*Reversed and remanded.*